IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV34-02-MU
(3:00CR123-1-MU)

RONNIE WILLIAMS,                   )
    Petitioner,               )
                              )
        v.                  )          O R D E R
                              )
UNITED STATES OF AMERICA,          )
    Respondent.               )
_____)

    **THIS MATTER** is before this Court upon the petitioner's form "Motion To Vacate, Set Aside Or Correct Sentence . . . " under 28 U.S.C. §2255; and on "Memorandum Of Law In Support Of Challenge," both filed January 24, 2007. For the reasons stated herein, the petitioner's Motion to Vacate will be <u>dismissed</u> as time-barred.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

    According to the record of the petitioner's underlying criminal case, on July 10, 2000, a Bill of Indictment was filed, charging the petitioner and another individual with bank robbery, in violation of 18 U.S.C. 2113(a) (Count One); and with bank larceny, in violation of 18 U.S.C. 2113(b) (Count Two).

    On January 1, 2001, the petitioner appeared before the Court and entered "straight-up" guilty pleas to the foregoing charges. On that occasion, the Court engaged the petitioner in its standard, lengthy colloquy to ensure that his guilty pleas were being intelligently and voluntarily tendered. In response to the

Court's numerous questions, the petitioner swore, <u>inter alia</u>, that he had fully discussed his case with his attorney; that he understood the charges and penalties which he was facing; that he had fully discussed any defenses which he might have had to those charges; that he understood his right to plead "not guilty" and proceed to trial on those matters; and that he had discussed how the Sentencing Guidelines might apply to his case.

Furthermore, the petitioner swore to the Court that it was his desire to plead guilty; and that he was tendering his guilty pleas because he, in fact, was guilty of the subject offenses. Consequently, at the conclusion of that proceeding the Court found that the petitioner's guilty pleas were being intelligently and voluntarily tendered, and so the Court accepted the pleas.

On March 1, 2001, the Court conducted a Factual Basis & Sentencing Hearing in the petitioner's criminal case. At the conclusion of that Hearing, the Court imposed a term of 151 months imprisonment on Count One, and a concurrent term of 120 months imprisonment on Count Two. The Court's Judgment was filed on March 6, 2001. However, the petitioner did <u>not</u> appeal his case to the Fourth Circuit Court of Appeals.

Rather, after waiting nearly six years from the date on which the Court entered its final Judgment, the petitioner has come back to this Court with the instant Motion to Vacate. By this Motion, the petitioner seeks to argue that the Court lacked

jurisdiction to preside over his case; that the offense of bank
robbery is "not a federal crime" [and t]he elements in the
indictment did not qualify for the [federal] Government's
jurisdiction"; and that the United States Attorney lacked the
jurisdiction to indict him for the subject bank robbery offenses.
Nevertheless, notwithstanding the obvious lack of merit to the
petitioner's claims, it also is quite apparent that the instant
Motion to Vacate is subject to dismissal as being time-barred.

## II.  **ANALYSIS**

Indeed, as was noted on the petitioner's form Motion to
Vacate, in 1996 Congress enacted the Antiterrorism and Effective
Death Penalty Act (hereafter, the "AEDPA").  Among other things,
the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of
limitations period for the filing of a motion to vacate.  The
amendment provides:

A 1-year period of limitation shall apply to a motion under
this section.  The limitation period shall run from the latest
of—

    (1) the date on which the judgment of conviction
    becomes final;

    (2) the date on which the impediment to making a motion
    created by governmental action in violation of the
    Constitution or laws of the United States is removed,
    if the movant was prevented from making a motion by
    such governmental action;

    (3) the date on which the right asserted was initially
    recognized by the Supreme Court and made retroactively
    applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As was previously noted, the Court entered its final Judgment for the petitioner's convictions and sentences on March 6, 2001, and the petitioner did <u>not</u> directly appeal his case to the Fourth Circuit Court of Appeals.  Accordingly, the petitioner's convictions and sentences became final on or about March 20, 2001--that is, at the expiration of the ten-day period during which the petitioner could have given his notice of appeal to the Court.  <u>See</u> Fed.R.App.P. 4(b)(1); <u>see also</u> <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003). Ultimately, the petitioner had up to and including March 20, 2002 in which to file the instant Motion to Vacate.  Obviously, the petitioner did <u>not</u> file this Motion by that deadline.

Apart from his claims, the petitioner has properly recognized that his Motion to Vacate likely could be construed as time-barred.  That is, the form on which the petitioner submitted his Motion to Vacate expressly admonished[1] him that if he was

---

[1]In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In <u>Hill</u>, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> form to comply with <u>Hill's</u> notice provision.  The new form now includes a section which directs the petitioner to address the "timeliness of [his/her] Petition.  In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the Petition is being submitted, he/she "must explain why the one-year statute of limitations contained in 28 U.S.C. §2255 [also set forth

4

filing his Motion more than one year after his Judgment became final, such Motion could be construed as time-barred. Thus, the petitioner set out in his Motion to Vacate to establish that his claims somehow have been timely presented. However, the petitioner's explanation merely asserts his belief that his Motion was timely filed because "[j]urisdictional issues can be raised at anytime." That explanation, however, is far from compelling.

First of all, notwithstanding his 61-page brief, the petitioner has failed to point this Court to a single case which stands for the proposition that a challenge to subject matter jurisdiction can be raised in a collateral proceeding such as this without regard for the one-year limitations period set forth in the AEDPA. Moreover, this Court has conducted its own research on the matter, and has not identified any legal precedent to support that assertion. Indeed, this Court is not even aware of any cases which stand for the proposition that something as compelling as a showing of actual innocence can overcome the AEDPA's one-year limitations period.

Rather, as was noted in <u>Panhorst v. United States</u>, 241 F.3d 367 (4th Cir. 2001), "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the

deadline must be enforced.".  To put it another way, it would fly in the face of the AEDPA's express purpose of promoting finality to allow petitioners to calculate their limitations periods as running from dates which are beneficial to them without regard for the rule of law.  Thus, the petitioner's argument that his Motion to Vacate is timely filed based upon the nature of his challenge is feckless.

Second, and equally critically, the petitioner's claims that this Court lacked jurisdiction to entertain his bank robbery prosecution, that bank robbery is not a federal offense, and that the government could not prosecute him for bank robbery, simply are wrong.  On the contrary, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts."  Huqi v. United States, 164 F.3d 378, 380 (7th Cir. 1999).  Indeed, it is well settled that in every federal criminal prosecution, subject matter jurisdiction is conferred by 18 U.S.C. §3231.  United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006).

More specifically, 18 U.S.C. §2113 makes it a federal offense for a person to either take by force and violence, or by intimidation, or to take and carry away with the intent to steal or purloin any property, money or thing of value from the possession of any bank or other entity whose deposits are insured by the Federal Deposit Insurance Act.  Therefore, the petitioner is

mistaken both as to his belief that his Motion was timely filed and his belief that his constitutional rights somehow were violated by his federal criminal prosecution in the first place.

Third, inasmuch as the Court has determined that the petitioner's rights were not violated by his prosecution, his former attorney could not have been ineffective for having chosen not to raise the instant jurisdictional challenges. Therefore, all of the petitioner's claims would be subject to summary dismissal even if they were not time-barred.

Finally, the petitioner has failed to show the existence of any "rare instances" which would make it unconscionable for this Court to enforce the limitations period against him. Consequently, the time during which the petitioner delayed bringing this Motion cannot be equitably tolled. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.) (en banc) (discussing the requirements for equitable tolling), cert. denied, 541 U.S. 905 (2004); and United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

### III. CONCLUSION

The AEDPA requires, among other things, that petitioners seeking to bring Motions to Vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute. Here, the petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed. Accordingly, the petitioner's Motion to Vacate

7

shall be _dismissed_ as time-barred.

### IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: February 14, 2007

Graham C. Mullen
United States District Judge