```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      CHARLOTTE DIVISION
                       3:07CV34-02-MU
                      (3:00CR123-1-MU)
```

RONNIE WILLIAMS,                )
    Petitioner,              )
                                )
        v.                       )         **O R D E R**
                                )
UNITED STATES OF AMERICA,       )
    Respondent.              )
_____)

**THIS MATTER** is before this Court upon the petitioner's document captioned as "Reconsideration Hearing Requested," filed April 4, 2007. Construing the subject document as a request for reconsideration, the same will be denied.

As the petitioner's document indicates, on February 14, 2007, the undersigned entered an Order dismissing the petitioner's Motion to Vacate. More particularly, the Court's earlier Order explained, <u>inter alia</u>, that the petitioner's bank robbery-related convictions became final on March 20, 2001, thereby giving him up to and including March 20, 2002 in which to file a motion to vacate; that the petitioner's January 24, 2007 Motion to Vacate had been filed years outside the one-year limitations period; and that the petitioner had failed to demonstrate any basis for construing that Motion as timely filed.

By the instant document, the petitioner attempts to reassert

the claims which were set forth in his Motion to Vacate.  Indeed, the only effort which the petitioner makes to rejoin this Court's conclusion that his Motion to Vacate was untimely filed is to assert that the case of Freytag v. Commissioner, 501 U.S. 868 (1991) stands for the proposition that "jurisdictional issues cannot be waived"; and that he could not have "wa[i]ve[d] away jurisdiction during a guilty plea."  Suffice it to say, however, the petitioner's efforts fall far short of demonstrating that he is entitled to reconsideration of the Court's earlier decision.

To put it simply, the question of whether or not the petitioner was entitled to challenge his convictions on the ground that the Court lacked subject matter jurisdiction to entertain his prosecution is separate and distinct from the question of whether such challenge had been timely brought.  Upon its review of the petitioner's Motion to Vacate, this Court determined that the petitioner had not met any of the time limitations set forth under the AEDPA as were explained on his form Motion to Vacate. Therefore, the petitioner's Motion to Vacate was dismissed on that basis.

Upon the instant review of the petitioner's motion for reconsideration, this Court now determines that the petitioner has failed to demonstrate that the Court's earlier decision was erroneous.  Therefore, this motion will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's

<u>de facto</u> motion for reconsideration is **DENIED.**

**SO ORDERED.**

Signed: December 4, 2007

Graham C. Mullen
United States District Judge